# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed:  July 9, 2015)

```
* * * * * * * * * * * * * *   *
NORMAN REED,                  *
                              *
            Petitioner,       *
                              *
v.                            *
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
            Respondent.       *
* * * * * * * * * * * * * *   *
```

**UNPUBLISHED**

No. 15-18

Special Master Hamilton-Fieldman

Voluntary dismissal under
Vaccine Rule 21(a).

Catherine D. Bertram, Williams Bertram PLLC, Washington, DC, for Petitioner.
Lara A. Englund, United States Department of Justice, Washington, DC, for Respondent.

## ORDER CONCLUDING PROCEEDINGS[1]

On January 7, 2015, Norman Reed ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act").  Petitioner alleged that a trivalent influenza ("flu") vaccine, possibly in combination with the Tetanus, Diphtheria, and Pertussis ("Tdap") vaccination, administered on October 5, 2011 caused him to suffer from Guillain-Barré Syndrome ("GBS").

On July 7, 2015, the parties filed a Joint Stipulation of Dismissal, stating the parties give notice of Petitioner's voluntary dismissal pursuant to Vaccine Rule 21(a).

Accordingly, pursuant to Vaccine Rule 21(a), the above-captioned case is hereby **dismissed**.  The Clerk of Court is hereby instructed that a **judgment shall not enter** in the instant case pursuant to Vaccine Rule 21(a).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

**CONCLUSION**

Proceedings are concluded in this case.

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master